IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 04-cr-40014-JPG |
| | ) |
| JABRAE D. THOMAS, | ) |
| | ) |
| Defendant. | ) |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Jabrae D. Thomas's prospects for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court appointed counsel for Thomas, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 240). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motions (Doc. 241). Thomas has not responded to counsel's motion although he was give an opportunity to do so.

Thomas pled guilty to conspiring to distribute 50 grams or more of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Thomas's relevant conduct was at least 150 grams but less than 500 grams of crack cocaine, which at the time under U.S.S.G. § 2D1.1 yielded a base offense level of 34. The Court adjusted his sentence upward by 2 points under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon and downward by 3 points under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility, yielding a total offense level of 33. Considering Thomas's criminal history category of IV, this yielded a sentencing range of 188 to 235 months in prison. However, because the government had filed an enhancement pursuant to 21 U.S.C. § 851, Thomas's statutory minimum sentence was 20 years.

*See* 21 U.S.C. § 841(b)(1)(A).  Consequently, pursuant to U.S.S.G. § 5G1.1(b), his guideline sentence became 240 months.  The Court sentenced him to 240 months.  Thomas now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Thomas cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  The amendments did not, however, reduce the sentencing

range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts.  *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").  Because Thomas was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been 240 months.  Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Thomas cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's amended motion to withdraw (Doc. 240).  Counsel's original motion (Doc. 239) is rendered **MOOT** by this ruling.  The Clerk is **DIRECTED** to mail a copy of this order to defendant Jabrae D. Thomas, Reg. # 06271-025, FCI Yazoo City, P.O. Box 5000, Yazoo City, MS 39194.

**IT IS SO ORDERED.**
**Dated this 20th day of December, 2010.**

                                                             s/ J. Phil Gilbert
                                                             **J. PHIL GILBERT**
                                                             **U.S. DISTRICT JUDGE**